UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| GLORIA J. DIXON, | ) | CASE NO. 1:09 CV 2359 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| DET. KIME, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

Pro se plaintiff Gloria Dixon filed the above-captioned action against Detective
Kime and the Northern Ohio Violent Fugitive Task Force.  In the complaint, plaintiff alleges the
defendants enter her home and frightened her granddaughter.  She seeks unspecified monetary
relief.  Ms. Dixon also filed an Application to Proceed In Forma Pauperis.  That Application is
granted.

## Background

Ms. Dixon claims that on September 30, 2009, officers from the Northern Ohio
Violent Fugitive Task Force entered her home.  She states "the only name I have is Det. Kime."
(Compl. at 1.)  She contends they picked locks on her back door to gain entry.  She states that her
granddaughter was asleep in her bedroom and was unaware of the presence of the officers until they
entered her room.  They were holding their weapons and the sight of the officers as she awakened
was frightening to her.  Ms. Dixon states they did not show her a warrant.  She requests monetary
damages "for violating my rights and damage to my screen on my door and for my granddaughter
being very emotional from what happen[ed].  (Compl. at 1.)

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to section 1915(e).

As an initial matter, Ms. Dixon cannot assert a claim for damages for injuries suffered by her granddaughter.  Claims asserted in a § 1983 action are personal to the injured party. Shepard v. Wellman, 313 F.3d 963, 970 (6th Cir. 2003). Ms. Dixon cannot base her claims on asserted violations of her granddaughter's rights.  See Id.  In addition, Ms. Dixon cannot act as her granddaughter's representative in court.  In general, a party may plead and conduct his or her case in person or through a licensed attorney.  See 28 U.S.C. § 1654; Eagle Associates v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991).[2]  An adult litigant who wishes to proceed pro se must personally sign the complaint to invoke this court's jurisdiction.  See 28 U.S.C. § 1654; Steelman v. Thomas, No. 87-6260, 1988 WL 54071 (6th Cir. May 26, 1988).  A minor child must appear through counsel and cannot be represented by a non-attorney, even if the non-attorney is the

---

[1]     An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

[2]     28 U.S.C. § 1654 provides:

In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as by the rules of such courts, respectively, are permitted to manage and conduct cases therein.

2

child's parent or guardian.  <u>Meeker v. Kercher</u>, 782 F.2d 153, 154 (10th Cir. 1986); <u>Lawson v. Edwardsburg Public School</u>, 751 F.Supp. 1257 (W.D. Mich. 1990).  Only Ms. Dixon's signature appears on the pleading.  There is no indication that Ms. Dixon is a licensed attorney authorized to represent her granddaughter.  Consequently, the only claims properly before this court are those of Gloria Dixon.   This court will address only those claims.

       Ms. Dixon's complaint contains very limited factual information and no legal claims.  Based on her statement that she was not shown a warrant, it appears Ms. Dixon may be attempting to assert a claim for relief under the Fourth Amendment.  An officer who has a warrant for the arrest of a person is entitled, after proper notice and demand, to enter a dwelling where the officer reasonably believes the person to be arrested will be found and to effect an arrest.  <u>Payton v. New York</u>, 445 U.S. 573, 602-03 (1980); <u>United States v. Buckner</u>, 717 F.2d 297, 300 (6th Cir.1983).  The fact that the officers did not show a warrant to Ms. Dixon does not necessarily make the entry unconstitutional.  <u>U.S. v. Mullikin</u>, 534 F.Supp.2d 734, 739-40 (E.D.Ky. 2006).  The focus of the inquiry is whether there was an arrest warrant and whether there was a reasonable belief that the subject of that warrant would be found there.

       There are insufficient allegations in Ms. Dixon's pleading  to state a cause of action for violations of the Fourth Amendment.  Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  <u>Ashcroft v. Iqbal </u>, 129 S.Ct. 1937, 1949 (2009).  The pleading standard in Rule 8 does not require "detailed factual allegations," but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  <u>Id.</u>  A pleading that offers "labels and conclusions" or "tenders naked assertion devoid of further factual enhancement" will not suffice.  <u>Id.</u>  A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  <u>Id.</u>  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. <u>Id.</u> The plausibility standard is not akin to a "probability requirement," but it

3

asks for more than a sheer possibility that a defendant has acted unlawfully. Id. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " Id. Ms. Dixon alleges only that officers from the Northern Ohio Violent Fugitive Task Force entered her home and did not show her a warrant. While the allegations in Ms. Dixon's complaint do not foreclose the possibility of liability, they fall short of suggesting a plausible claim entitling her to relief.

To the extent Ms. Dixon intended to assert another claim, she has not done so. Principles requiring generous construction of  pro se pleadings are not without limits.  See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985).  A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements.  See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988).  District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments.  Beaudett, 775 F.2d at 1278.  To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278.  Moreover, plaintiff's failure to identify a particular legal theory in his complaint places an unfair burden on the defendants to speculate on the potential claims that plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action.  See Wells v. Brown, 891 F.2d at 594.  Even liberally construed, the complaint does not sufficiently state the federal constitutional claim or claims upon which plaintiff intends to base her § 1983 action.

## Conclusion

Accordingly, Plaintiff's Application to Proceed In Forma Pauperis is granted and this action is dismissed without prejudice pursuant to 28 U.S.C. §1915(e).  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good

faith.[3]

IT IS SO ORDERED.

/s/Dan Aaron Polster    3/5/10
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

[3]     28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court
certifies that it is not taken in good faith.